IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3315-FL

| | | |
|---|---|---|
| CORNELIUS ERNIE YOHE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DUANE OWENS, DENISE HOOKER, | ) | |
| TOMMY L. PAGE, JR., and ZEB T. | ) | |
| HEALTH, JR., | ) | |
| | ) | |
| Defendants. | ) | |

The matter is before the court on defendants' motion for summary judgment (DE 38) pursuant to Federal Rule of Civil Procedure 56. The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants defendants' motion.

**STATEMENT OF THE CASE**

On December 18, 2014, plaintiff, a state inmate, filed this civil rights action, *pro se,* pursuant to 42 U.S.C. § 1983, against defendants Duane Owens ("Owens"), Denise Hooker ("Hooker"), Tommy L. Page, Jr. ("Page"), and Zeb T. Heath, Jr. ("Heath"). Plaintiff asserts that he was wrongly charged and found guilty of a prison infraction in August of 2013, while incarcerated at Greene Correctional Institution ("Greene"). Then, on July 27, 2015, plaintiff filed a motion for the North Carolina Department of Public Safety ("DPS") to provide "photo identification" for all defendants so that plaintiff could positively identify them. The motion was fully briefed. On August 21, 2015, the court denied plaintiff's motion as premature so that plaintiff could make his request in the course

of discovery. Plaintiff subsequently filed a motion to appoint counsel, which the court denied. The court entered a case management order on November 13, 2015.

On December 16, 2015, plaintiff filed a pleading captioned "Request for Production of Court Doc., etc." in which plaintiff made requests for several documents. The motion was fully briefed. On February 5, 2016, the court entered an order addressing plaintiff's document requests. Specifically, the court denied plaintiff's request for a copy of the Federal Rules of Civil Procedure and for a second copy of the court's local rules. The court also denied plaintiff's request for printouts from the court's law library, copies of all attachments filed by plaintiff, and a copy of the execution of service. The court, however, granted plaintiff's requests for a copy of the court's docket sheet and a blank copy of the form used for filing a civil rights action. Finally, the court granted plaintiff's motion for an extension of the court's case management deadlines. Plaintiff then appealed the court's February 5, 2016, ruling to the Fourth Circuit Court of Appeals, and the appeal ultimately was dismissed.

During the pendency of the appeal, defendants filed the instant motion for summary judgment, arguing that plaintiff failed to establish a constitutional violation. In the appendix to their motion, defendants attach the following: defendant Page's personal affidavit; plaintiff's disciplinary proceedings file; and defendants' discovery responses. Plaintiff requested an extension of time to respond to defendants' motion. Plaintiff also filed four motions to compel discovery and a motion requesting that the court serve defendants electronically on his behalf. The motions to compel were fully briefed. On May 20, 2016, the court granted plaintiff an extension of time to respond to defendants' motion for summary judgment. The court also denied plaintiff's motions to compel and denied as moot plaintiff's motion requesting that the court serve defendants electronically.

On May 26, 2016, plaintiff filed a motion for a hearing. Plaintiff subsequently filed a motion for a continuance pursuant to Federal Rule of Civil Procedure 56(d) and to compel discovery. The court denied plaintiff's motions. Plaintiff responded to defendants' motion for summary judgment.

## STATEMENT OF THE FACTS

Except as otherwise noted below, the undisputed facts are as follows. In August 2013, Greene staff became concerned that inmates were accessing the internet through a mobile hot spot and initiated an investigation into the matter. (Page Aff. ¶ 11 and Ex. D, p. 55). As part of the investigation, defendant Hooker, a DPS information technology ("IT") technician, conducted a computer survey and determined that someone had attempted to access the internet from a computer located in the Greene library where plaintiff worked. (Id. ¶¶ 11, 12 and Ex. D, pp. 55, 79). Owens then interviewed plaintiff. (Id. Ex. D, p. 74). Owens states that, in the course of the interview, plaintiff admitted that he attempted to access the internet through the computer in the library. (Id.) Plaintiff, however, denies that he made such an admission to Owens. (Id. Ex. D, pp. 76-78).

Following the August 2013 incident, prison officials charged plaintiff with an A-16 disciplinary offense for using an unauthorized communication device. (Id. ¶ 7 and Ex. D, p. 72). The charge was referred to defendant Page, a disciplinary hearing officer ("DHO"), for adjudication. (Id. ¶ 9). Plaintiff did not request staff assistance during the disciplinary investigation, but did provide a written statement. (Id. Ex. D, p. 78). Plaintiff also requested that the following two witnesses attend his disciplinary hearing: an IT technician plaintiff identified only as "Jones" ("Jones"); and Sonny Williams ("Williams"), also an IT technician. (Id.). Plaintiff indicated that Jones' last known employment location was Craven Correctional Institution ("Craven") and that Williams was at Craven. (Id.) The parties dispute whether prison officials were able to locate Jones

3

prior to the hearing.  Defendant Page attests that Jones could not be located.  (Id. ¶ 16 and Ex. D, p. 55).  However, plaintiff states that defendant Page informed plaintiff at plaintiff's disciplinary hearing that the person plaintiff identified as Jones was Robert Jones who was employed at Maury Correctional Institution.  (Pl.'s Resp. ¶ 21).

As for Williams, Williams declined to personally appear at plaintiff's hearing, but did provide the following statement:  "At this point, I would like to decline [plaintiff's] request based on the fact that Denise Hooper has ample computer experience, and she has same computer survey tools that I have.  More fairly to Ms. Hooker and to Inmate Yohe, should a follow-up survey be done, it best would be completed by the technician at the Eastern Regional Office."  (Id. Ex. D, pp. 55, 60, 64).

On October 2, 2013,[1] the DHO held a hearing regarding plaintiff's disciplinary infraction. (Id. ¶ 18; Ex. D, pp. 53-58).  The DHO amended plaintiff's charge from the original A-16 charge to an A-99 charge for attempting to access the internet.  (Id. Ex. B, p. 12; Ex. D, p. 60).  The DHO found plaintiff guilty of the A-99 charge based upon the following evidence:

> Captain Owens stated that on 9/25/13 at approximately 1550 hours he stated that on 8/13/13 at approximately 1530 hours he interview the library clerk, inmate Ernie Yohe.  Captain Owens stated that inmate Yohe admitted he attempted to access the internet via the computer in the library.  Captain Owens states there have been an ongoing investigation involving inmates ac[c]essing the internet via a mobile hot spot that was smuggled into the facility.  Captain Owens states that Ms. Hooker (computer tech at Greene Correctional) checked the computers and found twenty one internet connections and two Verizon mobile connections.  He said the last attempt to connect to the internet was just minutes before him and others entered the library and inmate Yohe was the only inmate assigned to the library.  Photo copies are attached.

---

[1] Plaintiff's disciplinary hearing originally was scheduled for an earlier date, but was postponed so that plaintiff's request for witnesses could be explored.  (Page Aff. ¶ 18 and Ex. D, pp. 59-61).

4

> The DHO explained the charge(s), disciplinary and appeal rights to the inmate. The inmate pled not guilty to the A99 in reference to A16 offense.
>
> The inmate was afforded his rights during the disciplinary process. This DHO explained the evidence to the inmate. Inmate stated he was never asked if he attempted to get on the internet. Inmate stated he doesn't know why the Capt. is providing false information and Sgt. Thomas did not witness this incident. Inmate stated that Ms. Hooker did not have evidence that he attempted to access the inmate minutes before they entered the library. In his written statement inmate Yohe indicates this write up is a lie. He did not plug a modem into the computer nor did he access the internet. Capt. Owens and Tech Hooker do not know what they are talking about and have no proof of wrong doing. Computer tech Sonny Williams and Jones (Tech at 3085) were requested to make written statements and be present as live witnesses[.] Computer tech Mr. Williams indicated he did not perform a computer survey for internet abuse because Ms. Hooker had ample computer experience and the same computer survey took that he has. Due to no individual being able to be identified as "Jones" no written statement was obtained. Due to Ms. Hooker being the designated computer tech at Greene Correctional Institution, Mr. Sonny Williams was not called as a live witness. Due to "Jones" not being able to be identified, they were not called as a live witness. Physical evidence was requested to be reviewed. This DHO did observe a computer print out, which reflected internet activity. This information was provided by Ms. Hooker. No staff assistance was requested. After reviewing this package no evidence can be found to support the inmate's allegations. It should also be noted that Sgt. Thomas witnesses inmate Yohe admit his attempt to access the internet in the presence of Capt. Owens. Based on the reporting party's statement and the investigating officers report inmate is found guilty of the A99 in reference to A16 offense.

(Id. Ex. D, pp. 55-56). For his A-99 disciplinary conviction, plaintiff received 60 days segregation, 40 days loss of good-time credit, 50 hours of extra duty, suspension of his privileges (canteen, visitation, radio) for 180 days, and six months of limited draw. (Id. p. 53).

Plaintiff subsequently appealed his A-99 disciplinary conviction to the Director of Prisons. (Id. ¶ 20 and Ex. D, p. 90). On October 17, 2013, defendant Heath, the Chief Disciplinary Officer,

5

Case 5:14-ct-03315-FL   Document 66   Filed 12/15/16   Page 5 of 10

reported as follows: "Your appeal to the Director of Prisons regarding the disciplinary action(s) noted above has been received and reviewed as requested. The results of this review reveal that the proper procedures were followed, that sufficient evidence was present to reach of finding of guilty, and that punishments were in accord with divisional policy and procedure." (Id.)

## DISCUSSION

A.   Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.   Analysis

Plaintiff asserts that the disciplinary proceedings for his A-99 disciplinary conviction for attempting to access the internet violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The Due Process Clause mandates several procedural safeguards before an inmate may be punished for violating prison disciplinary rules with the loss of protected liberty interest, such as earned good-time credit, or with deprivation of property. Wolff v. McDonnell, 418 U.S. 539, 557 (1974). These limited due process rights include advanced, written

6

notice of the charges, written findings, and a limited right to call witnesses. See id. at 563-64. However, an inmate only is entitled to these procedural protections when the conviction results in the loss of statutory good-time credits or where some other liberty or property interest is at issue. Id. Additionally, the findings of a prison disciplinary board must be supported by some evidence in the record, Walpole v. Hill, 472 U.S. 445, 454-55 (1985), and be made by an impartial adjudicator. Wolff, 418 U.S. at 570-71.

1. Sufficiency of the Evidence

Plaintiff contests the sufficiency and accuracy of the evidence used to convict him of the A-99 charge. Generally, decisions by a disciplinary board to revoke good-time credits pass scrutiny under the Due Process Clause if there is some evidence in the record to support the conclusions. Walpole, 472 U.S. at 454. Federal courts will not review the accuracy of the disciplinary hearing officer's fact finding de novo or for clear error. See Baker v. Lyles, 904 F.2d 925, 932 (4th Cir. 1990). Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [disciplinary hearing officer]." Id. (quotation omitted).

Here, the record contains evidence that defendant Hooker found 21 internet hits and two Verizon mobile broad band connections on the date at issue. (See Page Aff. Ex. D, pp. 55, 81). Plaintiff has not provided any evidence to refute such evidence, aside from his conclusory allegations that Hooker's evidence is fabricated. (See Compl. p. 3). Plaintiff likewise provides only conclusory allegations to support his contention that defendant Owens' statement that plaintiff attempted to access the internet was fabricated. Plaintiff's unsupported conclusory allegations do not create a genuine issue of material fact on this claim. See Scott v. Harris, 550 U.S. 372, 380 (2007); White v. Wright, 150 F. App'x 193, 199 (4th Cir. 2005) ("In order for White to survive

7

summary judgment, he must adduce evidence showing that Lt. Wright deliberately fabricated or falsified information in the investigation of White. White cannot support his claim with unsupported allegations and speculation of fabrication.") see also, Bermea-Cepeda v. Atkinson, No. 8:11-cv-03170-JMC, 2013 WL 3293594, at *6 (D.S.C. June 28, 2013) ("Petitioner's conclusory allegations alone are insufficient to preclude granting summary judgment to Respondent."). Accordingly, defendant Hooker's computer findings, along with Owens' corroborated statement that plaintiff admitted to attempting to access the internet, meet the "some evidence" standard to support plaintiff's A-99 disciplinary conviction. See, e.g., Hill, 472 U.S. at 454–56; Baker, 904 F.2d at 932. (Page Aff. Ex. D, pp. 55, 63, 74, 79, 80-89). Thus, the due process clause was not violated, and defendants are entitled to qualified immunity for this claim.

    2.    Live Witnesses

Plaintiff asserts that defendant Page violated his due process rights when Page refused to permit plaintiff to present evidence of plaintiff's innocence, including live witness testimony from Jones and Williams. The Fourth Circuit Court of Appeals has held that live witness testimony may be disallowed by a DHO where the testimony would be irrelevant or cumulative. Ward v. Johnson, 690 F.2d 1098, 1112–13 (4th Cir. 1982).

In this case, the record reflects that Jones' testimony could not be procured because he could not be located. (Page Aff. Ex. D, p. 55). Plaintiff has not presented any evidence to the contrary or to establish that he was harmed by the fact that Jones did not provide live testimony at plaintiff's hearing. See Brown v. Braxton, 373 F.3d 501, 508 (4th Cir. 2004) (holding that the plaintiff could not succeed on due process claim where he had "not demonstrated that he was harmed by [a requested witness] testifying in writing rather than in person"). Based upon the foregoing, plaintiff's

due process rights were not violated by defendant Page's decision not to call Jones as a witness at plaintiff's hearing.

As for Williams, the DHO did not call Williams to appear as a live witness due to the fact that defendant Hooker was the designated IT technician at Greene. (Page Aff. Ex. D, p. 55). Even if defendant Page somehow erred in not calling Williams as a live witness, plaintiff has not demonstrated that he was harmed by the fact that Williams testified in writing rather than in person. See Brown, 373 F.3d at 508; see, e.g., Piggie v. Cotton, 344 F.3d 674, 678 (7th Cir. 2003) (holding potential due process violation harmless where accused inmate could not explain how witness' live testimony would have helped him); McGuinness v. Dubois, 75 F.3d 794, 800 (1st Cir. 1996) (holding lack of live testimony harmless where inmate was able to present defense, supported by witness affidavits); Powell v. Coughlin, 953 F.2d 744, 751 (2d Cir. 1991) (holding denial of inmate's witness request for her psychiatrist harmless, in part because psychiatrist's notes were admitted instead). Thus, plaintiff failed to establish a due process violation, and defendant Page is entitled to qualified immunity for this claim.

As for the remaining Wolff requirements, plaintiff received advance written notice of the disciplinary charges and he received a written statement by the disciplinary hearing officer of the evidence relied on and the reasons for the disciplinary action. Thus, there is no due process violation. Based upon the foregoing, defendants' motion for summary judgment is GRANTED.

9

3. Challenge to Appeal

Plaintiff contends that his due process rights were violated because defendant Heath refused to conduct an investigation during plaintiff's appeal of his disciplinary conviction. No due process right attaches to the administrative appeals process. See Riccio v. Cnty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990); Chambers v. Wilson, No. 1:15cv646, 2016 WL 775779, at * (E.D. Va. Feb. 24, 2016) ("To the extent the ruling may be administratively appealed, a prisoner has no federal due process rights in the appeal process.") (citation omitted), aff'd, No. 16-6398 (4th Cir. Oct. 4, 2016). According, plaintiff's has not due process claim arising out of his appeal proceedings, and defendant Heath is entitled to qualified immunity for this claim.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (DE 38) is GRANTED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 15th day of December, 2016.

_LOUISE W. FLANAGAN_
United States District Judge